UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TERRY RUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV425-051 |
| ) | |
| ASST. DISTRICT ATTORNEY ) | |
| LYLE BURNHAM II, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# ORDER

*Pro se* plaintiff Terry Rucker filed this 42 U.S.C. § 1983 action against Assistant District Attorney Lyle Burnham II, Detective Darryl Repress, and the Chatham County Sheriff's Office, alleging procedural defects in a state prosecution. *See* doc. 1 at 4-5. The Court granted him leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 7 & 8. The Court, therefore, proceeds to screen his Complaint, pursuant to 28 U.S.C. § 1915A. For the reasons explained below, his Complaint is **DISMISSED**. Doc. 1.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the

Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Rucker's allegations are terse. He alleges that Assistant District Attorney Burnham "attempts to currently prosecute [Rucker] on accusations unconstitutionally . . . ." Doc. 1 at 5. Defendant Detective Repress allegedly committed perjury in an unidentified proceeding. *Id.* Finally, he alleges that there was a substantial delay in the prosecution and that he was indicted, and then reindicted, "without being present in court." *Id.* He seeks unspecified monetary damages for "compensation for pain and suffering, commis[s]ary spending, received loss of incomes [sic]," and "all back payment." *Id.* at 6. Finally, he names the Chatham County Sheriff's Office as a defendant but does not allege any conduct implicating the Office itself. *See id.* at 1, 4-5.

To the extent that Rucker asks this Court to weigh in on the propriety of ongoing state proceedings against him, any ruling by this Court could substantially interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether abstention is appropriate). Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. Plaintiff, obviously, remains free to allege constitutional and procedural violations in his state criminal proceedings. He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury. *Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). Thus, any such arguments are for the state court. *See also Heck v. Humphrey*, 512 U.S. 477, 487 n. 8 (1994) ("[I]f a state

3

criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."). However, even assuming that some state proceedings have terminated, *see* doc. 1 at 5 (noting that "On January 29, 2025 [his] case was recently dropped," but he was "reindicted on the same day"), his claims against the named defendants are all fatally defective.

Even if Rucker alleged any fact implicating the Chatham County Sheriff's Office in his claims, it is not an entity subject to suit. Georgia police departments are not proper parties to a § 1983 lawsuit because they are not legal entities capable of being sued. *See Lovelace v. Dekalb Cent. Probation*, 144 F. App'x 793, 795 (11th Cir. 2005) (upholding dismissal of a police department on the basis that police departments are not usually considered legal entities subject to suit under Georgia law) (citing *Bunyon v. Burke Cnty.*, 285 F. Supp. 2d 1310, 1328-29 (S.D. Ga. 2003) (dismissing claim against a police department, reasoning it was not a legal entity subject to suit under Georgia law)); *see also Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit[.]").

Accordingly, any claim asserted against the Chatham County Sheriff's Office is **DISIMSSED**.

Defendant Burnham is also immune from suit. Prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution," even when accused of perjury. *Id.; see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor entitled to immunity from § 1983 liability for allegedly conspiring to withhold evidence and to create and proffer perjured testimony).

Prosecutorial immunity "extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and

which occur in the course of his role as an advocate for the State.'" *Jones*, 174 F.3d at 1281 (citation omitted).

> Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. A prosecutor is immune for malicious prosecution. Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing.

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted). Given that Rucker's allegations concern the conduct of his prosecution, it is clear that Burnham would enjoy immunity against any claim arising from the facts alleged.

That leaves Defendant Repress. To the extent that Rucker alleges that he provided false testimony, *see* doc. 1 at 5, he enjoys absolute immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983) ("[W]itnesses are absolutely immune from damages liability based on their testimony . . ."); *Jones*, 174 F.3d at 1281 ("Police officers enjoy the same absolute immunity as lay witnesses for their testimony . . ."); *S.W. Daniel, Inc. v. Urrea*, 715 F. Supp. 1082, 1087 (N.D. Ga. 1989) (recognizing immunity against claims for allegedly false testimony by a witness at a pretrial hearing). To the extent that Rucker alleges that Repress provided

"information" to an unidentified third party in 2021, even assuming he alleges that information was false, *see* doc. 1 at 5, his "reindictment" and pending prosecution precludes any malicious prosecution claim from any such "information." *See, e.g., Brannen v. McGlamery*, 2021 WL 6072558, at *4 (S.D. Ga. Dec. 23, 2021). Any claim Rucker asserts based on Repress' testimony, therefore, is **DISMISSED**. Any claim arising from "information," but not testimony, provide by Repress is **DISMISSED without prejudice**.

Accordingly, Rucker's Complaint is **DISMISSED**. Doc. 1. Given the pendency of Rucker's prosecution, the Court must abstain from any decision that would interfere with it. Any claim against the Chatham County Sheriff fails because the Office is not an entity subject to suit. Any claim against Defendant Burnham, arising out of any prosecution, whether terminated or pending, is barred by his prosecutorial immunity. Finally, Defendant Repress enjoys immunity from any claim arising from his testimony and any claim arising from his provision of false, non-testimonial "information" leading to Rucker's prosecution is not ripe. While *pro se* parties are often entitled to an opportunity to amend claims before dismissal, such an opportunity is not warranted here because any

amendment would be futile. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). The Clerk is **DIRECTED** to **CLOSE** this case.

Finally, the Court must assess Rucker's filing fee. *See* 28 U.S.C. § 1915(b). His Prisoner Trust Account Statement indicates that the average monthly deposits to his prison trust account were $610.33 in the six months prior to the Complaint. Doc. 7 at 1. He, therefore, owes a $122.07 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," based upon average deposits to or balance in a prisoner's account, under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall

be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED**, this 7th day of April, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA